Mr. Justice Thacher
delivered the opinion of the court.
This is an action of debt on a supersedeas bond, executed by the defendant as surety. The declaration contains two counts, to which a demurrer was filed, with numerous causes assigned as to each count. This demurrer was sustained in the circuit court.
It may be replied to the first objection urged in this court to the first count of the declaration, to wit, that it contains no averment of the issuance, return, &c., of the writ of superse-deas, that the bond set out in this count admits the existence of the writ, and any defects in it are matters of defence upon issue, if, indeed, the execution of the bond does not waive all all objections to previous proceedings. United States v. Bradley, 10 Peters, 365. Next, to the objection that the count does not *616 set forth with sufficient averments the judgment and execution, in consequence of which the writ of supersedeas was sued out. A similar reply may be given in this, that the bond narrates a judgment, &c., and that the execution of the bond is a waiver of the objections. The averment of damage to the defendant in the writ of supersedeas is sufficient. The count avers, that the writ was not prosecuted with effect, but was discharged, and that the defendant in the execution superseded by the writ has not paid the judgment, interest, and damages, whereby the bond became forfeited. The first count is good, and consequently the demurrer should have been overruled, there being at least one sufficient count in the declaration.
As to the question of amendment, and its doctrined, pressed in this case, we deem it enough to refer to the case of Dent v. Coleman et al., 10 S. & M. 83.
The judgment is reversed, the demurrer overruled in this court, and the cause remanded for further proceedings.